IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 18-cv-1122-WJM-KMT

JOHN GREEN,
JOAN GREEN, and
COURAGE TO CHANGE RANCHES HOLDING COMPANY, a Colorado non-profit corporation d/b/a Soaring Hope Recovery Center,

      Plaintiffs,

v.

EL PASO COUNTY, COLORADO,

      Defendant.

---

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR CLARIFICATION AND DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION**

---

      Plaintiffs Courage to Change Ranches Holding Company ("Soaring Hope"), Joan Green, and John Green (collectively, "Plaintiffs") bring this action against Defendant El Paso County, Colorado ("County" or "Defendant") pursuant to Section 3604 of the Fair Housing Act ("FHA"), 42 U.S.C. § 3604, Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132 *et seq.*, Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 701, and the U.S. Constitution.

      On July 31, 2020, the Court granted in part and denied in part Defendant's Motion for Summary Judgment and denied Plaintiffs' Motion for Summary Judgment (the "Order"). (ECF No. 130.) Familiarity with the facts of this case, as well as the contents of the Order, is presumed and will not be repeated here.

1

This matter is before the Court on Plaintiffs' Motion for Reconsideration Regarding Order on Motions for Summary Judgment ("Motion for Reconsideration"), filed on August 14, 2020.  (ECF No. 138.)

Also before the Court is Plaintiffs' Motion for Clarification on Order on Motion for Summary Judgment ("Motion for Clarification"), filed on August 13, 2020.  (ECF No. 135.)  Although styled as a request for clarification, the Motion for Clarification effectively seeks reconsideration of the Order.  Thus, the Court will consider the Motion for Clarification as another motion for reconsideration.

## I. STANDARD OF REVIEW

District courts have broad discretion to reconsider their interlocutory rulings before entry of judgment.  See *Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1251 (10th Cir. 2011) ("[D]istrict courts generally remain free to reconsider their earlier interlocutory orders.").  Thus, a court can alter its interlocutory orders even where the more stringent requirements applicable to a motion to alter or amend a final judgment under Federal Rule of Civil Procedure 59(e) or a motion for relief from judgment brought pursuant to Rule 60(b) are not satisfied.  See *Spring Creek Expl. & Prod. Co., LLC v. Hess Bakken Inv., II, LLC*, 887 F.3d 1003, 1024 (10th Cir. 2018).

"Notwithstanding the district court's broad discretion to alter its interlocutory orders, the motion to reconsider 'is not at the disposal of parties who want to rehash old arguments.'" *Nat'l Bus. Brokers, Ltd. v. Jim Williamson Prods., Inc.*, 115 F. Supp. 2d 1250, 1256 (D. Colo. 2000) (quoting *Young v. Murphy*, 161 F.R.D. 61, 62 (N.D. Ill. 1995)).  "Rather, as a practical matter, to succeed in a motion to reconsider, a party must

set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Id*. Even under this lower standard, "[a] motion to reconsider should be denied unless it clearly demonstrates manifest error of law or fact or presents newly discovered evidence." *Id*.

## II. MOTION FOR CLARIFICATION

In their Motion for Clarification, Plaintiffs ask the Court to clarify: (1) "the legal standards under the FHA for the claims being tried to the jury"; and (2) the Court's ruling concerning "standards applicable only to group homes" for Plaintiffs' Fourteenth Amendment Equal Protection claim. (ECF No. 135 at 2.)

The Court has carefully reviewed the Order and the factual findings, legal analyses, and conclusions contained therein. Although the need for further "clarification" of the Order is questionable, given the contentious lawyering thus far in the case and the straightforward answers to Plaintiffs' questions, the Court will clarify the Order as follows.

### A.  FHA Claims

In the Order, the Court denied both parties' motions for summary judgment regarding Plaintiffs' claim that the County has intentionally discriminated against handicapped or disabled persons by "placing an arbitrary occupancy limit of five (5) persons on group homes for protected persons, including those for handicapped or disabled persons, that are not imposed on any other types of residents." (ECF No. 130 at 22–23.) The Court determined that a reasonable jury could find that the occupancy limits for Group Homes for Handicapped and Disabled Persons constitutes evidence of intentional discrimination because these occupancy limits are different from the statutory

3

occupancy limits for Group Homes for the Aged, Family Care Homes, and day care homes.  See Colo. Rev. Stat. §§ 26-6-101 et seq., 30-28-115(2)(b)(II).[1]  As the Court explained,

> There may well be rational explanations for the different occupancy levels.  However, there is no doubt that the ordinance for Group Homes imposes different occupancy levels for handicapped persons than for other types of group homes.  This is sufficient to make out Plaintiffs' *prima facie* claim for intentional discrimination under the FHA.  See *Bangerter* [*v. Orem City Corp.*, 46 F.3d 1491, 1501 n.16 (10th Cir. 1995)] ("There is no need to probe for potentially discriminatory motive circumstantially, or to apply the burden-shifting approach outlined in [*McDonnell Douglas*] as the statute discriminates on its face by allowing conditions to be imposed on group housing for the handicapped which would not be permitted for non-handicapped group housing.").
>
> However, as Plaintiffs admit in their Motion, "[o]ccupancy limits are not a per se violation of the FHA, as long as they are tied to legitimate governmental concerns and not based on the person[']s status as handicapped."  (ECF No. 105 at 24.)  Thus, because a reasonable factfinder could find that the different occupancy levels are based on *bona fide* governmental concerns, the Court will also deny Plaintiffs' cross Motion for Summary Judgment as to this theory of intentional discrimination.

(ECF No. 130 at 24.)

Plaintiffs ask the Court to clarify the legal standards for Plaintiffs' FHA claims because "the legal standards applied to the claims being tried will affect the evidence to be presented at trial and case preparation."  (ECF No. 135 at 2.)  Specifically, Plaintiffs contend that the legal standards set forth in *Bangerter* are more "narrowly construed"

---

[1] However, the Court does not discount the possibility that a reasonable jury could alternatively find that these occupancy limits are *not* relevant comparators to the occupancy

4

than as set forth in the Order and that "defenses to facially discriminatory laws should be limited to benign discrimination and legitimate public safety concerns." (ECF No. 135 at 2, 5.)

The Court stands by the Order. In *Bangerter*, the Tenth Circuit noted that there are "*[a]t least* two potential justifications" for facially discriminatory treatment of handicapped persons: (1) public safety; and (2) benign discrimination. 46 F.3d at 1502–03 (emphasis added). However, *Bangerter* does not limit a jury's analysis to just these two justifications. To the contrary, the Tenth Circuit explicitly recognized that its ruling does "not preclude the possibility that additional justifications for [the defendant's] actions might be developed once evidence is taken." *Id.* at 1503 n.19. As the Tenth Circuit clarified, "[w]e do not suggest that [a plaintiff] must prove that [a defendant] acted with bad animus to make out a case of intentional discrimination. Nonetheless, a limited inquiry into [the defendant's] intentions might shed light on whether the justifications offered for its actions are bona fide." *Id.* at 1505 n.23.

To the extent Plaintiffs seek a pretrial determination regarding the jury instructions for Plaintiffs' intentional discrimination claim under the FHA (*see* ECF No. 135 at 7), disputes regarding potential jury instructions are more appropriate for the charging conference. The Court trusts that counsel for both sides will put on their respective cases using their professional judgment and interpretation of the applicable case law.

---

limits for Group Homes for Handicapped or Disabled Persons as these occupancy limits are set by state statute—not by the County.

B.   **Equal Protection Clause Claim Regarding "Standards Applicable Only to Group Homes"**

Plaintiffs contend that the Court did not specifically address whether Plaintiffs have established a *prima facie* claim for violation of the Equal Protection Clause regarding the "Standards Applicable Only to Group Homes [for the Disabled]" (the "Group Home Standards"). (ECF No. 135 at 8.) Plaintiffs argue that because the Court determined that Plaintiffs had established a *prima facie* claim under the FHA regarding the Group Home Standards and "[g]iven that the Court applied the same logic utilized in the statutory claims to the [E]qual [P]rotection claim, it stands to reason that the Court also intended to rule the same" on the Group Home Standards. (*Id.*)  Plaintiffs are mistaken.

The Court did not determine whether Plaintiffs stated a *prima facie* Equal Protection claim regarding the Group Home Standards because Plaintiffs did not properly preserve this aspect of their Equal Protection claim for trial.  In their First Amended Complaint, Plaintiffs allege that the County violated the Equal Protection Clause of the Fourteenth Amendment by:

- Enacting and enforcing occupancy limits on group homes for individuals with handicaps or disabilities that are not imposed on any other type of residents;

- Denying Soaring Hope's 2016 Special Use Permit Application (a reasonable accommodation request); and

- Amending the LDC to further restrict the operation of group homes and housing for the handicapped or disabled in El Paso County and to segregate group homes and housing for the handicapped or disabled from the rest of the community.

6

(ECF No. 62 ¶¶ 285(a)–(c).)  Plaintiffs did not challenge the Group Home Standards under the Equal Protection Clause.[2]

Likewise, although Plaintiffs broadly describe the County's alleged discrimination as including the imposition of Group Home Standards "targeted at only group homes for handicapped or disabled and not other types of group homes or non-disabled persons" (ECF No. 119 at 11), Plaintiffs specifically describe the contours of their Equal Protection Clause claim without reference to a challenge to the Group Home Standards:

> The County's actions are also violative of the Equal Protection Clause of the 14th Amendment to the U.S. Constitution.  The County's actions in enacting and enforcing occupancy limits on Group Homes for Handicapped or Disabled Persons that are not imposed on other residents, denying Soaring Hope's request for reasonable accommodation to increase the number of residents, and segregating handicapped/disabled persons from the community denies handicapped/disabled person equal protection of the law.

(ECF No. 119 at 14.)

The "pretrial order measures the dimensions of the lawsuit, both in the trial court and on appeal." *Youren v. Tintic Sch. Dist.*, 343 F.3d 1296, 1304 (10th Cir. 2003) (internal quotation marks omitted*); see also* Fed. R. Civ. P. 16(d) (stating that the pretrial order "controls the course of the action unless the court modifies it").  The Tenth Circuit has held that any "claims, issues, defenses, or theories of damages not included in the pretrial order are waived." *Wilson v. Muckala*, 303 F.3d 1207, 1215 (10th Cir. 2002).

---

[2]  By contrast, Plaintiffs explicitly challenged the Group Home Standards under the FHA. (*See* ECF No. 62 ¶¶ 188(b), 198(b).)

7

Here, the clear language of the First Amended Complaint, coupled with the language of the Final Pretrial Order, led the Court to conclude that Plaintiffs had not asserted an Equal Protection Clause challenge to the Group Home Standards. As such, the Court did not err by failing to determine whether Plaintiffs stated a *prima facie* Equal Protection claim regarding the Group Home Standards. And at this late juncture in the proceedings, Plaintiffs are on notice that the Court will not grant any motion for leave to add a claim an Equal Protection Clause challenge to the Group Home Standards.

### III. MOTION FOR RECONSIDERATION

Plaintiffs argue that the Court should have granted summary judgment on Plaintiffs' discrimination claims regarding "Standards Applicable Only to Group Homes." (ECF No. 138 at 4.) Citing *Bangerter*, Plaintiffs argue that "[t]he Court erred in denying Plaintiffs' Motion for Summary Judgment on this issue because Plaintiffs have proved their *prima facie* case and the County has not disputed that Sections 1 and 2 of the [Group Home Standards] are discriminatory or asserted any affirmative defenses" and that the "Court does not conduct any analysis of why Plaintiffs' Motion was denied on this issue." (ECF No. 138 at 2–3.)

Plaintiffs fail to establish any intervening change in the controlling law, nor do they come forward with any new evidence previously unavailable to them at the time they filed their Motion for Summary Judgment. Moreover, Plaintiffs have failed to show that the Court fundamentally misapprehended any of the arguments developed in Plaintiffs' Motion for Summary Judgment, or that the Order was so clearly erroneous that without

the reconsidered relief requested in the Motion it would suffer a manifest injustice.[3]  The Tenth Circuit has made it abundantly clear that a motion for reconsideration is not a vehicle for a losing party to revisit issues already addressed.  *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

Accordingly, the Court finds that Plaintiffs have failed to demonstrate that reconsideration of its Order is warranted in these circumstances.

## IV.  CONCLUSION

For the reasons set forth above, the Court ORDERS that:

1. Plaintiffs' Motion for Clarification on Order on Motion for Summary Judgment (ECF No. 135) is GRANTED to the extent it seeks clarification of the Court's Order on Motions for Summary Judgment and DENIED to the extent it seeks reconsideration of the Order; and

2. Plaintiffs' Motion for Reconsideration Regarding Order on Motions for Summary Judgment (ECF No. 138) is DENIED.

Dated this 22nd day of February, 2021.

BY THE COURT:

_____
William J. Martinez
United States District Judge

---

[3] The Court notes that the logic underlying its decision to deny summary judgment for Plaintiffs' intentional discrimination claim regarding occupancy levels applies with equal force to the Group Home Standards.  (ECF No. 130 at 24.)