IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 18-cv-1122-WJM-KMT

JOHN GREEN,
JOAN GREEN, and
COURAGE TO CHANGE RANCHES HOLDING COMPANY, a Colorado non-profit corporation d/b/a Soaring Hope Recovery Center,

    Plaintiffs,

v.

EL PASO COUNTY, COLORADO,

    Defendant.

---

**ORDER GRANTING IN PART AND DENYING IN PART BOTH THE COUNTY'S MOTION TO EXCLUDE TRIAL TESTIMONY OF PLAINTIFFS' RETAINED EXPERT JOHN FARRIN, M.D. AND PLAINTIFFS' MOTION TO EXCLUDE EXPERT TESTIMONY**

---

Plaintiffs Courage to Change Ranches Holding Company ("Soaring Hope"), Joan Green, and John Green (collectively, "Plaintiffs") bring this action against Defendant El Paso County, Colorado (the "County") pursuant to Section 3604 of the Fair Housing Act ("FHA"), 42 U.S.C. § 3604, Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132 *et seq.*, Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 701, and the U.S. Constitution.

Before the Court is the County's Motion to Exclude Trial Testimony of Plaintiffs' Retained Expert John Farrin, M.D. (the "County's Motion"), filed on June 30, 2020. (ECF No. 124.) Also before the Court is Plaintiffs' Motion to Exclude Expert Testimony ("Plaintiffs' Motion"), filed on June 20, 2020. (ECF No. 125.)

The Court presumes familiarity with the extensive history of this case and the Court's prior orders. For the reasons explained below, the Motions are granted in part and denied in part.

## I. LEGAL STANDARD

A district court must act as a "gatekeeper" in admitting or excluding expert testimony. *Bitler v. A.O. Smith Corp.*, 400 F.3d 1227, 1232 (10th Cir. 2005). Expert opinion testimony is admissible if it is relevant and reliable. *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589, 594–95 (1993). The opinions are relevant if they would "assist the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. They are reliable if (1) the expert is qualified "by knowledge, skill, experience, training, or education," (2) his opinions are "based upon sufficient facts or data," and (3) they are "the product of reliable principles and methods." *Id.* The proponent of expert testimony has the burden to show that the testimony is admissible. *United States v. Nacchio*, 555 F.3d 1234, 1241 (10th Cir. 2009).

In addition to assessing whether expert opinions are reliable, the Court must also ensure that the proffered testimony will assist a trier of fact. *See Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 156 (1999). "Relevant expert testimony must logically advance[ ] a material aspect of the case and be sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute." *United States v. Garcia*, 635 F.3d 472, 476 (10th Cir. 2011) (internal quotation marks and citations omitted). Moreover, an expert witness's testimony may not usurp the jury's fact-finding function. *See Specht v. Jensen*, 853 F.2d 805, 809–10 (10th Cir. 1988). The line between what is helpful to the jury and what intrudes on the jury's role as the finder of fact is not always clear, but it is

well-settled that "[a]n opinion is not objectionable just because it embraces an ultimate issue." Fed. R. Evid. 704. Nonetheless, "[t]here is a significant difference between an attorney who states his belief of what law should govern the case and any other expert witness. While other experts may aid a jury by rendering opinions on ultimate issues, our system reserves to the trial judge the role of adjudicating the law for the benefit of the jury." *Specht*, 853 F.2d at 808–09.

## II. THE COUNTY'S MOTION

Plaintiffs' retained expert, Dr. Farrin, plans to testify that the Soaring Hope residents "suffer from a mental health impairment due to addiction, also referred to as [a] substance use disorder or 'SUD'" and that "it is a lifelong disorder." (ECF No. 124-2 at 2.) He also plans to testify that Soaring Hope residents "come[ ] to reside at the [the Spruce Road Home] with significant impairment(s) that limit their ability to function in daily life" and "have experienced such severe problems with addiction that they were no longer able to function as normal adults." (*Id.*)

The County seeks to exclude Dr. Farrin's expert testimony on the basis that it is "not disputing" that: (1) the addiction/SUD is a lifelong disorder; and (2) Soaring Hope residents suffered from addiction/SUD at all times relevant to Plaintiffs' First Amended Complaint. (ECF No. 124 at 2.) The County contends that because Dr. Farrin's testimony is irrelevant will not assist the trier of fact, it should be excluded pursuant to Federal Rules of Evidence 401 and 702. (*Id.* at 4.)

In response, Plaintiffs argues that to prove their prima facie case, Plaintiffs must prove that the Soaring Hope residents are disabled or handicapped within the meaning of federal law by showing that, "due to SUD, all residents have impairments that

3

substantially limit major life activities." (ECF No. 127 at 3.) Plaintiffs assert that "Dr. Farrin's testimony about SUD is necessary to lay the foundation for the jury to understand that the residents have impairments from SUD that substantially limit major life activities" and is relevant to "the issue of whether or not the residents are disabled." (*Id.*) Plaintiffs acknowledged that the parties could stipulate to the facts underlying Dr. Farrins' testimony:

> Such stipulations would simply the issues and save time at trial by negating the need for lengthy testimony by Dr. Farrin. But, it is unclear if this is in fact what [the County] seeks to accomplish and how Plaintiffs will, in fact, ultimately need [to] present evidence to prove their case in light of yet to be decided and approved stipulations.

(*Id.* at 4.) However, according to Plaintiffs, "[f]or testimony by Dr. Farrin to be truly unnecessary at trial, the issue of disability would have to be undisputed and the jury be instructed as to the same." (*Id.* at 8.)

After the County's Motion was fully briefed, the parties agreed to stipulate to the following facts: (1) people who are in recovery from alcoholism or drug addiction and no longer using alcohol and/or drugs, or who have a record of treatment for alcoholism or drug addiction, like the residents of the Spruce Road Home, are disabled under federal law; and (2) the residents served by Soaring Hope are considered "handicapped" or "disabled" under the law due to their status as persons in recovery.

The Court will accept the parties' stipulation as to these facts. Accordingly, in light of the parties' stipulation, the Court will preclude Dr. Farrin from testifying that residents served by Soaring Hope are considered "handicapped" or "disabled" under the law due to their status as persons in recovery because such testimony will not assist the jury. However, the Court will not preclude Dr. Farrin from testifying as to other topics,

4

such as his knowledge and observations of Soaring Hope's operations (*see* ECF No. 119 at 36), to the extent they are relevant to other aspects of Plaintiffs' case.

Accordingly, as set forth above, the County's Motion is granted in part and denied in part.

### III.  PLAINTIFFS' MOTION

Plaintiffs seek to exclude the expert testimony from two of the County's experts: retained expert Dwight Merriam and non-retained expert Mark Gebhart.  (ECF No. 125 at 2.)  Merriam is an attorney who specializes in planning and zoning whereas Gebhart is a "long-time employee of the County who has a career in county planning and zoning."  (*Id.* at 2.)

Plaintiffs argue that the Merriam and/or Gebhart should be precluded from offering:  (1) testimony that the County's laws and practices are not discriminatory against disabled persons and therefore that the County has not violated federal law or the Constitution; (2) testimony that the Spruce Road Home is unlike any sober house in his experience; and (3) testimony that other local governments have similar laws to the County.  (*Id.* at 4–10.)

### A.  Testimony About whether the County's Laws and Practices are Discriminatory and Violate the Law

Plaintiffs argue that Merriam should be precluded from offering impermissible legal conclusions suggesting that the County's laws and practices are not discriminatory against disabled persons and thus, the County has not violated federal law or the Constitution.  (ECF No. 125 at 4.)  Plaintiffs likewise argue that "Merriam cannot be permitted to testify about decisions in other cases" and should be "precluded from offering testimony that other local governments have similar laws to the County."  (*Id.* at

5

8–10.)  They argue that this testimony should be precluded under Rule 702 because Merriam is effectively telling the jury what conclusion to reach in this case.  (*Id.*)

To the extent these opinions reach ultimate conclusions regarding the essential elements of Plaintiffs' claim that the County's zoning ordinances are discriminatory, those opinions are properly excluded.  See *Specht*, 853 F.2d at 808.  The County admits as much in its response, representing that it will "withdraw the portion of its Rule 26(a)(2) expert disclosures related to Mr. Merriam's opinion that the County's plans and zoning regulation and the uses they enable and limit are consistent with and in compliance with the [Fair Housing Act, Rehabilitation Action, Americans with Disabilities Act,] and the Constitution."  (ECF No. 126 at 6.)

The line between what is helpful to the jury and what intrudes on the jury's role as the finder of fact is not always clear, but "[a]n opinion is not objectionable just because it embraces an ultimate issue."  Fed. R. Evid. 704(a).  Accordingly, Merriam may testify about the County's zoning ordinances from the perspective of industry standards and practices.  However, neither Merriam nor any other witness may testify at trial as to any ultimate conclusions regarding the essential elements of Plaintiffs' claims, such as opining whether the County's zoning ordinances are discriminatory and/or violate federal law, or whether the County's zoning ordinances are similar to other ordinances that were found to pass constitutional muster.  See, e.g., *United States v. Oles*, 994 F.2d 1519, 1522–23 (10th Cir. 1993) ("[T]estimony which articulates and applies the relevant law . . . circumvents the jury's decision-making function by telling it how to decide the case." (quoting *Specht*, 853 F.2d at 808)); *United States v. Jensen*, 608 F.2d 1349, 1356 (10th Cir. 1979) ("[A]n expert witness cannot state legal

conclusions by applying law to the facts, passing upon weight or credibility of the evidence, or usurping the province of the jury by telling it what result should be reached."); *cf. Zuchel v. City & Cnty. of Denver*, 997 F.2d 730, 742–43 (10th Cir. 1993) (affirming admission of testimony by police practices expert who "did not give an opinion on whether [the officer's] conduct was unconstitutional.  Rather, he stated his belief that the conduct was inappropriate based on [his] understanding of generally accepted police custom and practice in Colorado and throughout the United States.").

The Court further notes that Merriam's expert report mentions that "[t]he [County's zoning regulations] are substantially the same as I have seen in reported decisions where municipalities have successfully defended themselves against claims brought under the Federal Fair Housing Act, the Rehabilitation Action, the Americans with Disabilities Act, and applicable provisions of the U.S. Constitution." (ECF No. 125-1 at 4.)  As it is the Court's role to instruct the jury on the law governing this case, the Court will not permit Merriam to testify about the meaning of any of these cases that he has seen.  Of course, the standards that govern zoning ordinances and industry standards are, to some extent, formed by this case law.  Case law also interprets the governing statutes.  As such, insofar as Merriam has studied these cases, they may inform his opinions.  However, the Court sees a difference between, on the one hand, Merriam testifying about the holding in a particular case and applying the rule of that case to the facts at issue here and, on the other hand, Merriam testifying about his understanding of the law and how it impacts his understanding of the industry and practice standards that govern local zoning ordinances.  The Court will permit testimony which constitutes the latter; the former is impermissible.

**B.      Merriam's and Gebhart's Opinions that Plaintiffs' Use of the Spruce Road Home Violated the County's Zoning Code**

Plaintiffs seek to exclude Merriam's and Gebhart's opinions that "Plaintiffs' uses of the Spruce Road Home do not comport with the County's laws" on the basis that these are "impermissible legal conclusion[s] by applying the facts of the case to the law to tell the jury that they should conclude that Plaintiffs are lawbreakers." (ECF No. 125 at 7.)  Plaintiffs also seek to exclude Merriam's testimony regarding his experience with sober houses and his belief that "the Spruce Road Home is atypical and unlike any sober house in his experience."  (*Id.* at 8.)

Disputes regarding this testimony appear to be moot in light of the Court's Order on Summary Judgment, which dismissed Plaintiffs' claims that the County engaged in discrimination by determining that the Spruce Road Home was a Rehabilitation Facility. (ECF No. 130 at 24.)

Moreover, the County has since represented that it "agrees in principle that evidence relating to Soaring Hope's operation of a Rehabilitation Facility should not be relevant."  (ECF No. 149 at 5.)  As set forth in the Court's Order Denying Plaintiffs' Motion *In Limine* and Denying Defendant's Motion *In Limine*,

> To the extent Plaintiffs limit their case to Soaring Hope's uses of the Spruce Road Home *after* September 2016, the Court agrees in principle that evidence regarding Soaring Hope's prior violations of the LDC and complaints and communications regarding the same is irrelevant and should be excluded under Rule 402 and 403.[1]  However, determinations regarding the relevance of this testimony cannot be resolved in a vacuum outside the context of other evidence which comes in at trial.  The Court will rule on any objections that Plaintiffs may assert related to these categories of information at trial.

---

[1] For the same reasons, Merriam's testimony that the Spruce Road Home is atypical and unlike any sober house in his experience also appears to be irrelevant.

8

(ECF No. 176 at 6.)

Thus, Plaintiffs' request to exclude these categories of evidence is denied without prejudice as premature.

## IV.  CONCLUSION

For the reasons set forth above, the Court ORDERS that:

1. Defendant El Paso County, Colorado's Motion to Exclude Trial Testimony of Plaintiffs' Retained Expert John Farrin, M.D. (ECF No. 124) is GRANTED IN PART and DENIED IN PART as set forth herein;

2. Plaintiffs' Motion to Exclude Expert Testimony (ECF No. 125) is GRANTED IN PART and DENIED IN PART as set forth herein; and

3. John Farrin, Dwight Merriam, and Mark Gebhart may testify at trial as set forth in this Order.

Dated this 12th day of March, 2021.

BY THE COURT:

_____
William J. Martinez
United States District Judge